UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERICH J. SANTIFER,

    Plaintiff,                      Case No. 18-cv-11446

    v.                         UNITED STATES DISTRICT COURT JUDGE
                                      GERSHWIN A. DRAIN

ANN ARBOR PUBLIC SCHOOL DISTRICT,
ET AL.,

    Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [#17] AND DISMISSING DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE ANSWER [#16] AS MOOT

### I. INTRODUCTION

Plaintiff Erich Santifer brings the present action against Defendants Ann Arbor Public School District ("AAPS"), Ann Arbor Rec & Ed Department, Dottie Davis, former Director of Athletics at Huron High School; and Seth Dotson, Director of Team Sports, alleging race and sex discrimination in failing to hire him for various job positions within AAPS. For the reasons discussed below, this Court will grant Defendants' Motion to Dismiss and dismiss Defendants' Motion for Extension of Time to File Answer as Moot.

## II. FACTUAL BACKGROUND

Plaintiff is a former AAPS student athlete. Dkt. No. 1, pg. 1 (Pg. ID 1). Plaintiff was interested in establishing a career in the area of student athletic administration and coaching basketball, so he applied for several athletic staff positions within AAPS between the Summer of 2013 and Fall of 2017. *Id.* at pg. 3 (Pg. ID 3). Defendants did not hire Plaintiff for any of the positions that Plaintiff applied for. Plaintiff believes that Defendants subjected him to racial and gender/sex discrimination in their decisions to not hire him. Plaintiff also maintains that Defendants have not properly recognized his athletic achievements and have not replaced his lost retired jersey. Dkt. No. 1, pg. 2 (Pg. ID 2).

Plaintiff filed an EEOC Charge of Discrimination against AAPS on March 7, 2018. Dkt. No. 18-2. The charge alleged race, sex, and age discrimination in violation of Title VII. *Id.* On March 13, 2018, the EEOC issued a Dismissal and Notice of Right to Sue letter. Dkt. No. 18-3. The letter informed Plaintiff that he had 90 days to file a lawsuit in federal or state court. *Id.*

On May 8, 2018, Plaintiff filed his complaint in this Court. Dkt. No. 1. Plaintiff's complaint names AAPS, the Ann Arbor Rec & Ed Department, Dottie Davis, and Seth Dotson as defendants. *Id.* Defendants filed a Motion for Extension of Time to File Answer on September 28, 2018. Dkt. No. 16. On October 2, 2018, Defendants filed their Motion to Dismiss, arguing that Plaintiff failed to exhaust

his administrative remedies and Plaintiff's complaint fails to state a plausible claim of relief. Dkt. No. 17. Plaintiff filed his opposition to Defendants' Motion on October 18, 2018. Dkt. No. 20. Defendants did not file a reply.

### III. LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) governs motions to dismiss. The Court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must "allege enough facts to make it plausible that the defendant bears legal liability." *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016). The facts need to make it more than "merely possible that the defendant is liable; they must make it plausible." *Id.* "Bare assertions of legal liability absent some corresponding facts are insufficient to state a claim." *Id.* A claim will be dismissed "if the facts as alleged are insufficient to make a valid claim or if the claim shows on its face that relief is barred by an affirmative defense." *Riverview Health Inst., LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010).

## IV. DISCUSSION

1. Administrative Remedies

Defendants assert that Plaintiff failed to exhaust his administrative remedies with the Equal Employment Opportunity Commission ("EEOC"). Therefore, he is precluded from bringing his cause of action before this Court. *See id.*

An individual alleging discrimination in violation of Title VII must first file a charge with the EEOC. *See* 42 U.S.C. § 2000e-3(e)(1); *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010). The administrative charge must identify the parties and generally describe the actions complained of. *Id.* Further, a plaintiff claiming Title VII violations cannot bring claims in a lawsuit that were not in his EEOC charge. *Id.*

Plaintiff's EEOC charge states that he was not hired for several coaching positions that he interviewed for and that AAPS hired less qualified individuals over him. Dkt. No. 18-2, pg. 2 (Pg. ID 129). He believes that he was not hired because of his race, sex, and age. *Id.* The charge names Ann Arbor Public School District as the employer who did not hire him. *Id.* The charge also states that Plaintiff interviewed with the athletic director at Pioneer High School. *Id.* However, Plaintiff's complaint before this Court names as defendants Ann Arbor Public School District, the Ann Arbor Rec & Ed Department, Dottie Davis, and Seth Dotson. Dkt. No. 1, pg. 1 (Pg. ID 1). Plaintiff's complaint before this Court

may not bring claims against Davis and Dotson because Plaintiff did not bring claims against them in his EEOC charge. For this reason, Defendants Davis and Dotson must be dismissed as Defendants.

Further, Plaintiff's EEOC charge does not state the specific type of discriminatory actions taken by AAPS. The EEOC charge merely states that Plaintiff interviewed with the Pioneer High School Athletic Director, that he believes Defendant hired less qualified individuals over him, and that he believes he was not hired due to his race, sex, and age. The charge does not allege any particular acts that support a finding of discrimination. Therefore, Plaintiff's EEOC charge is deficient. For this reason, Plaintiff's charge against AAPS must be dismissed for failing to adequately exhaust administrative remedies with the EEOC.

2. Failure to State a Claim

Even if Plaintiff satisfied his administrative requirement, his complaint fails to state a plausible claim of relief and must be dismissed. Defendant argues that Plaintiff's complaint fails to state facts sufficient to support a plausible inference of discrimination. Dkt. No. 18, pg. 12 (Pg. ID 122). This Court agrees. Defendants argue that Plaintiff's complaint does not establish a *prima facie* case of discrimination under the *McDonnell Douglas* framework. *Id.* at pg. 13 (Pg. ID 123). However, the Sixth Circuit holds that a complaint need not establish a *prima*

*facie* case under *McDonnell Douglas* and its progeny to survive a motion to dismiss. *Keys v. Humana, Inc.*, 684 F.3d 605, 609–10 (6th Cir. 2012). A complaint must simply allege "sufficient factual content from which a court . . . could draw the reasonable inference . . . that discrimination occurred." *Id.* at 610.

Plaintiff's complaint states that he is one of the best basketball athletes in AAPS history. Dkt. No. 1, pg. 1 (Pg. ID 1). It further states that beginning in the Spring of 2013 up to the Fall of 2017, Plaintiff offered to volunteer in AAPS in order to start establishing a career in student athletic administration. *Id.* at pgs. 1–2 (Pg. ID 1–2). Plaintiff alleges that he requested a meeting with Davis and she refused to meet, stating that there was no reason for them to meet. *Id.* Plaintiff's complaint next contends that Huron High School refused to recognize him in its Student Athlete Hall of Fame and refused to replace his retired basketball jersey, which had been lost. *Id.* at pgs. 2–3 (Pg. ID 2–3).

The complaint continues to state that Plaintiff applied for various positions within AAPS between the Summer of 2013 and the Fall of 2017 and received three interviews. *Id.* at pg. 3 (Pg. ID 3). In Fall 2017, Plaintiff states that he applied for several open positions within AAPS with no success. *Id.* Plaintiff contends that he "strongly believe[s]" that he has not been given fair and reasonable opportunities to compete for employment in areas that he is qualified to work in. *Id.* Plaintiff's complaint further states that Defendants have "failed to acknowledge, encourage,

engage, and [have] shown no interest in having any direct professional or personal interactions with Plaintiff . . . [and] there [have] been [no] explanations" for the lack of interest. *Id.* Plaintiff alleges that there are several former AAPS students and student athletes working for AAPS who he believes are not more athletically accomplished or experienced than him. *Id.* Plaintiff attached several exhibits to his complaint, including his applications for the various positions he applied for, communications with Defendants, and several athletic honors.

This Court finds that Plaintiff's complaint fails to allege sufficient factual content from which it can draw a reasonable inference of discrimination. The complaint states that Plaintiff is bringing claims for intentional racial and gender discrimination. Dkt. No. 1, pg. 4 (Pg. ID 4). However, the complaint does not allege any facts that would allow this Court to infer that discrimination based on race or sex was a factor in Plaintiff's failure to obtain employment within AAPS. Additionally, Plaintiff's complaint does not mention age discrimination as a claim that Plaintiff is pursuing, although Plaintiff's EEOC charge cited age discrimination. Therefore, this Court will not consider age discrimination as a claim that Plaintiff is bringing in his complaint. Plaintiff's complaint merely states that he interviewed for various positions within AAPS and he did not receive job offers. He also alleges that AAPS failed to properly recognize and celebrate his athletic achievements. However, allegations of animosity towards Plaintiff's

athletic achievements is not sufficient to create an inference of race or sex discrimination in the hiring decisions of Defendants.

This Court has reviewed Plaintiff's complaint and attached exhibits and finds that there is not a plausible claim of race or sex discrimination. Therefore, this Court will dismiss Plaintiff's complaint for failure to allege facts sufficient to state a claim of discrimination under Title VII.

## V. CONCLUSION

For the reasons discussed herein, this Court will grant Defendants' Motion to Dismiss [#17]. This Court will also dismiss Defendants' earlier Motion for Extension of Time to File Answer [#16] as Moot.

SO ORDERED.

Dated:   December 19, 2018

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
December 19, 2018, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager